**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MAGLULA, LTD.,**<br><br>**PLAINTIFF,**<br><br>**v.**<br><br>**YUYAO JIADI METAL PRODUCTS CO., LTD.,**<br><br>**DEFENDANT.** | **Civil Action No. 1:16-CV-2344**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Maglula, Ltd. ("Maglula") hereby files this Complaint against Yuyao Jiadi Metal Products Co., Ltd. ("Jiadi"), and alleges on personal knowledge as to Maglula's actions, and upon information and belief as to the actions of others, as follows:

## NATURE OF ACTION

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, § 101 et seq.

## THE PARTIES

2. Maglula, Ltd. is a corporation organized and existing under the laws of Israel, having a principal place of business at 13 Gad Feinstein St, Suite #236, Rehovot 76385, Israel.

3. Upon information and belief, Yuyao Jiadi Metal Products Co., Ltd. is a company organized and existing under the laws of China, having a principal place of business at No. 285 Shunda West Road, Plastic City, Yuyao, Zhejiang, China (Mainland).

4. Upon information and belief, Jiadi manufactures all or a substantial portion of the Accused Products (defined below) and offers for sale and sells those products to customers throughout the United States, including in this District.

## JURISDICTION AND VENUE

5. This action arises under the Patent Act, Title 35 of the United States Code, and is an action for patent infringement under 35 U.S.C. § 271.

6. This Court has subject-matter jurisdiction over this action on at least the following grounds:

a. 28 U.S.C. §§ 1331, this being a civil action arising under the laws of the United States; and

b. 28 U.S.C. § 1338(a), this being a civil action arising under the Patent Laws of the United States, namely, 35 U.S.C. § 1, et seq.

7. This Court has personal jurisdiction over Jiadi under at least Federal Rule of Civil Procedure 4(k)(2) inasmuch as the claims asserted in this Complaint arise under federal laws. Furthermore, Jiadi is not, on information and belief, subject to jurisdiction in any state's courts of general jurisdiction, exercising jurisdiction is consistent with the U.S. Constitution and law, and a summons will be, or already has been, served on Jiadi.

8. Venue is proper in this District under the provisions of 28 U.S.C. §§ 1391(b)-(c) because this Court has personal jurisdiction over Jiadi as provided above, and there is no district in which an action may otherwise be brought as provided in 28 U.S.C. §§ 1391(b)-(c). Alternatively, or additionally, venue is proper in this District under the provisions of 28 U.S.C. 28 U.S.C. §§ 1391(b)-(c) and/or 1400(b) insofar as Jiadi has committed acts of patent infringement in this District.

**ASSERTED PATENTS**

9. This complaint is based on Jiadi's infringement of two patents: United States Patent Nos. 7,637,048 ("the '048 Patent") and 7,503,138 ("the '138 Patent") (collectively "the Asserted Patents").

10. On December 29, 2009, the '048 Patent duly and legally issued to inventors Ran Tal and Guy Tal for an invention entitled, "Universal Pistol Magazine Loader." A true and correct copy of the '048 Patent is attached hereto as Exhibit 1. On November 9, 2015, inventors Ran Tal and Guy Tal assigned the '048 Patent to Plaintiff Maglula, Ltd., which owns all right, title, and interest in and to the '048 Patent. A true and correct copy of the '048 assignment is attached hereto as Exhibit 2.

11. The '048 Patent is directed to, *inter alia*, a hand-held universal pistol magazine loader that includes a plunger to force the topmost round into a magazine, and a method for doing the same. *See generally* Exhibit 1, claims 1-38.

12. On March 17, 2009, the '138 Patent duly and legally issued to inventors Ran Tal and Guy Tal for an invention entitled, "Magazine Aligner for Pistol Magazine Loaders." A true and correct copy of the '138 Patent is attached hereto as Exhibit 3. On November 9, 2015, inventors Ran Tal and Guy Tal assigned the '138 Patent to Plaintiff Maglula, Ltd., which owns all right, title, and interest in and to the '138 Patent. A true and correct copy of the '138 assignment is attached hereto as Exhibit 2.

13. The '138 Patent is directed to, *inter alia*, a device and mechanism for aligning a pistol magazine inside a hand-held universal pistol magazine loader with a plunger that forces the topmost round into the magazine, and a method for doing the same. *See generally* Exhibit 3, claims 1-20.

**ACCUSED PRODUCTS**

14. On information and belief, the Accused Products are manufactured, distributed, and/or sold by defendant Yuyao Jiadi Metal Products Co., Ltd. either directly or through a variety of distributors and dealers who purchase the Accused Products and resell them to customers in the United States through various websites, including Alibaba, Ebay, and Amazon.

**The Accused Products Infringe the '048 Patent**

15. The Accused Products incorporate all elements of at least independent claim 1 of the '048 Patent.

16. The Accused Products are an accessory for facilitating the loading of rounds into a firearm magazine wherein the magazine has an open top side with lips and which holds one or more columns of rounds therein and feeds rounds into the open top side of the magazine. *See, e.g.*, Exhibit 4 (operating instructions for use of Accused Products identifying it as an accessory for loading rounds into a firearm magazine through an open top side of the magazine).

17. The Accused Products are comprised of a hollow body shaped and sized to fit over the open top side of the magazine, and having an open bottom that can accept the magazine when the top side of the magazine is inserted into the open bottom. The hollow body has a plurality of sides extending up from the open bottom.

18. The Accused Products have a press coupled to one of the sides of the body so that the press can be moved between first and second positions, the first position being relatively distant from the side of the body and the second position being relatively close to the one side of said body.

19. The Accused Products have a plunger coupled to the press, which projects from the press and has a free end.

20. The press and the plunger are arranged so that when the press is in the first position, the plunger is substantially clear from the open top side of the magazine so that the magazine can urge any round or rounds into the open top side of the magazine.

21. The press and the plunger are also arranged so that when the press is moved from the first to second position, the plunger will move over the open top side of the magazine so that when the hollow body is pushed down on the magazine, the free end of the plunger will push down any round or rounds in the magazine and create a vacant space at the open top side of the magazine below the lips and above the plunger.

22. The press and the plunger are also arranged so that when the press is moved from the second to first position, the plunger will move away so as to be clear from the open top side of the magazine.

23. The Accused Products are further arranged so that when the hollow body is fitted over the magazine, the press can be moved between the first and second positions, such that in the first position, the plunger will be away from the open top side of the magazine, and in the second position, the plunger will be over the open top side of the magazine and the hollow body can be pushed further onto the magazine to push a topmost round in the magazine away from the open top side of the magazine to facilitate loading of a new round into the vacant space above the plunger.

24. The Accused Products are further arranged so that when the new round is in the magazine above the plunger and below the lips of the magazine, and when the press is moved to the first position, the plunger is extracted from below the new round, and any round in the magazine is urged against the open top side of the magazine, thereby facilitating loading of rounds into the magazine easily and painlessly.

**The Accused Products Infringe the '138 Patent**

25. The Accused Products incorporate all elements of at least independent claim 1 of the '138 Patent.

26. The Accused Products include a mechanism for facilitating the aligning of an open side of a firearm magazine inserted into a magazine loader with respect to a projecting member or plunger of the loader which is arranged to force a topmost round in the magazine further inside the magazine so that a new round can be inserted.

27. The Accused Products include an inverted V-shaped member having two inclined-apart spaced legs or wings coupled together, the upper parts of the wings being closer than their bottom ends when the inverted V-shaped member is seen in its inverted V-shaped configuration.

28. The Accused Products include a coupler for attaching the inverted V-shaped member to the magazine loader, a spring member coupled to the inverted V-shaped member and to the loader and arranged to urge the inverted V-shaped member onto the open side of a magazine when the inverted V-shaped member is attached to the loader and a magazine is inserted into the loader.

29. The Accused Products are configured such that when the inverted V-shaped member is attached to the loader and the loader is placed and forced over the open side of the magazine, the open side of the magazine will be aligned by the inverted V-shaped member with respect to the plunger of the loader so that the plunger will be able to force a topmost round in the magazine further inside the magazine.

**CLAIM 1 – INFRINGEMENT OF U.S. PATENT NO. 7,637,048**

30. The allegations contained in Paragraphs 1 through 29 above are incorporated herein by reference.

31. Upon information and belief, Jiadi, without authority from the patent holder, directly infringes the '048 Patent literally and/or under the doctrine of equivalents within the prohibitions of at least 35 U.S.C. § 271(a), including, but not limited to, independent Claim 1, and continues to do so by having made, used, offered to sell, sold, and/or imported into the United States the Accused Products.

32. Upon information and belief, Jiadi induces infringement of the '048 Patent within the prohibitions of at least 35 U.S.C. § 271(b), including, but not limited to, independent Claim 18 and continues to do so. Upon information and belief, Jiadi was on notice of the '048 Patent prior to the filing of this complaint. *See* Exhibit 5 (November 4, 2016 letter to Yuyao Jiadi Metal Products Co., Ltd. regarding Notice of Possible Infringement of the United States Patent Nos. 7,637,048 and 7,503,138). Jiadi's Accused Products are direct copies of Maglula's patented product, which is marked with the '048 Patent and depicted in the figures of the '048 Patent. *See* Exhibit 6 (photographs showing patented product, marked with the '048 patent, and the Accused Product side by side); Exhibit 1, Figs. 2A-4C. Upon information and belief, Jiadi has known, or willfully blinded itself to knowing, that providing operating instructions to its customers about use of the Accused Products would result, and has resulted, in Jiadi customers directly infringing the '048 Patent. Further, upon information and belief, Jiadi encourages and facilitates infringement of the '048 Patent by offering and distributing operating instructions with the Accused Products that encourage using the Accused Products in an infringing manner. *See*

Exhibit 4 (instructions included with Accused Products inducing customers to use in a manner that infringes at least independent claim 18).

33. Upon information and belief, Jiadi contributorily infringes the ‘048 Patent within the prohibitions of at least 35 U.S.C. § 271(c), including, but not limited to, independent Claim 18 and continues to do so. Upon information and belief, Jiadi was on notice of the ‘048 Patent prior to the filing of this complaint. *See* Exhibit 5. Jiadi’s Accused Products are direct copies of Maglula’s patent product, which is marked with the ‘048 Patent and depicted in the figures of the ‘048 Patent. *See* Exhibit 6; Exhibit 1, Figs. 2A-4C. The Accused Products are not staple articles of commerce, have no substantial non-infringing uses, and, upon information and belief, are known by Jiadi to be especially made or especially adapted for use in infringement of the ‘048 Patent. Thus, upon information and belief, Jiadi has contributed to and continues to contribute to direct infringement of the ‘048 Patent by Jiadi’s customers and/or the end users.

34. Upon information and belief, Jiadi’s infringement of the ‘048 Patent has been willful and deliberate, despite an objectively high likelihood that its actions constitute infringement of the ‘048 Patent. The Accused Products are direct copies of the patented product, which is marked with the ‘048 Patent, and is depicted in the figures of the ‘048 Patent. *See* Exhibit 6. On information and belief, Jiadi had the patented product, marked with the ‘048 Patent, and/or the ‘048 Patent in its possession and directly copied the patented product.

35. Maglula has been and will continue to be damaged and irreparably injured unless this Court enjoins Jiadi’s infringing activities. As a result, Maglula is entitled to preliminary and permanent injunctive relief as deemed fair and equitable by the court.

## CLAIM 2 – INFRINGEMENT OF U.S. PATENT NO. 7,503,138

36. The allegations contained in Paragraphs 1 through 35 above are incorporated herein by reference.

37. Upon information and belief, Jiadi, without authority from the patent holder, directly infringes the '138 Patent literally and/or under the doctrine of equivalents within the prohibitions of at least 35 U.S.C. § 271(a), including, but not limited to, independent Claim 1, and continues to do so by having made, used, offered to sell, sold, and/or imported into the United States the Accused Products.

38. Upon information and belief, Jiadi induces infringement of the '138 Patent within the prohibitions of at least 35 U.S.C. § 271(b), including, but not limited to, independent Claim 16 and continues to do so. Upon information and belief, Jiadi has been on notice of the '138 Patent prior to the filing of this complaint. *See* Exhibit 5 (November 4, 2016 letter to Yuyao Jiadi Metal Products Co., Ltd. regarding Notice of Possible Infringement of the United States Patent Nos. 7,637,048 and 7,503,138). In addition, Jiadi's Accused Products are direct copies of Maglula's patented product, which is marked with the '138 Patent and depicted in the figures of the '138 patent. *See* Exhibit 6 (photographs showing patented product, marked with the '138 patent, and the Accused Product side by side); Exhibit 1, Figs. 2A, 2B, 3A, and 3B. Upon information and belief, Jiadi has known, or willfully blinded itself to knowing, that providing instructions to its customers about use of the Accused Products would result, and has resulted, in Jiadi customers directly infringing the '138 Patent. Further, upon information and belief, Jiadi encourages and facilitates infringement of the '138 Patent by offering and distributing operation instructions with the Accused Products that encourage using the Accused Products in an

infringing manner. *See* Exhibit 4 (instructions included with Accused Products inducing customers to use in a manner that infringes at least independent claim 16).

39. Upon information and belief, Jiadi contributorily infringes the ‘138 Patent within the prohibitions of at least 35 U.S.C. § 271(c), including, but not limited to, independent Claim 16 and continues to do so. Upon information and belief, Jiadi was on notice of the ‘138 Patent prior to the filing of this complaint. *See* Exhibit 5. In addition, Jiadi’s Accused Products are direct copies of Maglula’s patented product, which is marked with the ‘138 Patent and depicted in the figures of the ‘138 patent. *See* Exhibit 6; Exhibit 1, Figs. 2A, 2B, 3A, and 3B. The Accused Products are not staple articles of commerce, have no substantial non-infringing uses, and, upon information and belief, are known by Jiadi to be especially made or especially adapted for use in infringement of the ‘138 Patent. Thus, upon information and belief, Jiadi has contributed to and continues to contribute to direct infringement of the ‘138 Patent by Jiadi’s customers and/or the end users.

40. Upon information and belief, Jiadi’s infringement of the ‘138 Patent has been willful and deliberate, despite an objectively high likelihood that its actions constitute infringement of the ‘138 Patent. The Accused Products are direct copies of the patented product, which is depicted in the figures of the ‘138 Patents. *See* Exhibit 6. On information and belief, Jiadi had the patented product and/or the ‘138 Patent in its possession and directly copied the patented product.

41. Maglula has been and will continue to be damaged and irreparably injured unless this Court enjoins Jiadi’s infringing activities. As a result, Maglula is entitled to preliminary and permanent injunctive relief as deemed fair and equitable by the court.

## PRAYER FOR RELIEF

WHEREFORE, Maglula respectfully requests that the Court enter judgment against Jiadi and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, and grant the following relief:

a. Enter judgment in favor of Maglula and against Jiadi for direct infringement of the ‘048 Patent and the ‘138 Patent;

b. Enter judgment in favor of Maglula and against Jiadi for induced infringement of the ‘048 Patent and the ‘138 Patent;

c. Enter judgment in favor Maglula and against Jiadi for contributory infringement of the ‘048 Patent and the ‘138 Patent;

d. Enter judgment that Jiadi’s infringement of the ‘048 Patent and the ‘138 Patent was and is willful;

e. Enter judgment in favor of Maglula and against Jiadi for an amount that will adequately compensate Maglula for Jiadi’s infringement, but under no circumstances an amount less than a reasonable royalty for Jiadi’s use of Maglula’s patented inventions, as required by 35 U.S.C. § 284;

f. Enter judgment in favor of Maglula and against Jiadi pursuant to 35 U.S.C. § 154(d) for reasonable royalties for Jiadi’s use of Maglula’s patented inventions after the publications of the applications that issued as the ‘048 Patent and the ‘138 Patent;

g. Enter judgment in favor of Maglula and against Jiadi for three times the amount of damages pursuant to 35 U.S.C. § 284 because of Jiadi’s willful infringement of the ‘048 Patent and the ‘138 Patent;

h. Enter judgment in favor of Maglula and against Jiadi for pre-judgment interest on all damages awarded;

i. Enter preliminary and permanent injunctions prohibiting Jiadi, its officers, directors, principals, agents, sales representatives, servants, employees, successors, parents assigns, affiliates, subsidiaries, and all those acting in concert or participation with them, from further infringement of the ‘048 Patent and the ‘138 Patent;

j. Enter judgment in favor of Maglula and against Jiadi declaring this case to be exceptional under 35 U.S.C. § 285 and awarding Maglula its attorneys’ fees and costs pursuant to 35 U.S.C. § 285;

k. Enter judgment in favor of Maglula and against Jiadi for Maglula’s costs of suit; and

l. Enter judgment granting Maglula such other and further relief to which Maglula is entitled under law and any other and further relief that this Court or a jury may deem just and proper.

**JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 30, 2016

Respectfully submitted,

By: /s/ Louis S. Mastriani

Louis S. Mastriani (DC Bar No. 386820)
Adduci, Mastriani & Schaumberg LLP
1333 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 407.8668
Fax: (202) 466.2006
mastriani@adduci.com